



**FILED**

NOV 0 9 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. **11 CR 173 GKF** |
| | ) | |
| Plaintiff, | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | [COUNTS 1 through 7: 18 U.S.C. § 1343 - |
| JIMMY E. MORRISETT, | ) | Wire Fraud; Forfeiture Allegation: |
| | ) | 18 U.S.C. § 981(a)(1)(C) and |
| Defendant. | ) | 28 U.S.C. § 2461(c): Wire Fraud |
| | ) | Forfeiture; |
| | ) | COUNTS 8 through 34:  18 U.S.C. |
| | ) | § 1341 - Mail Fraud; Forfeiture |
| | ) | Allegation: 18 U.S.C. § 981(a)(1)(C) |
| | ) | and 28 U.S.C. § 2461(c): Mail Fraud |
| | ) | Forfeiture; |
| | ) | COUNTS 35 through 63: |
| | ) | 18 U.S.C. §§ 1956(a)(1)(A)(i) and |
| | ) | 2(b) - Money Laundering and |
| | ) | Causing a Criminal Act; Forfeiture |
| | ) | Allegation: 18 U.S.C. § 982(a)(1): |
| | ) | Money Laundering Forfeiture] |

### THE GRAND JURY CHARGES:

### COUNTS ONE THROUGH SEVEN
### [18 U.S.C. § 1343]

#### A.  The Defendant's Scheme

1.      Beginning at least as early as November 2004 and continuing to in or about

March 2008, in the Northern District of Oklahoma and elsewhere, the defendant, **JIMMY**

**E. MORRISETT** ("**MORRISETT**"), knowingly and intentionally devised and intended to

devise a scheme and artifice to defraud investors, and for obtaining money and property from

those investors by means of false and fraudulent pretenses, representations and promises ("the Scheme"), as described below:

2.      From at least as early as in or about November 2004, **MORRISETT** controlled and directed the business of Red Earth Resources, Inc. ("Red Earth"). In or about January 2005, **MORRISETT** established and thereafter controlled and directed the business of Alpine Petroleum, LLC ("Alpine"). **MORRISETT** maintained offices for Red Earth and Alpine in Tulsa, Oklahoma.

3.      **MORRISETT** used Red Earth and Alpine to fraudulently promote and manage investments in oil and gas ventures, created by **MORRISETT**, that would purportedly generate income for investors by means of oil and gas production and by other activities related to the oil and gas industry. **MORRISETT**'s oil and gas ventures included "United Energy Investments, a Joint Venture" ("UEI"), "Alpine Energy Fund, a Joint Venture" ("AEF"), and "Heard # 1 Re-Entry Project" ("Heard # 1").

4.      Although **MORRISETT**'s oil and gas ventures earned some income from oil and gas properties, in reality **MORRISETT** operated his oil and gas ventures as a Ponzi-type scheme, in which the predominant source of cash was investor moneys and ongoing operations, including payments to investors, were sustained only through the recruitment of new investment dollars.

5.      **MORRISETT** promoted the investments himself and, pursuant to his direction, by the employees of his companies and by outside promoters. As part of his effort

2

to sustain the recruitment of new investment dollars, **MORRISETT** caused his companies to pay the outside promoters commissions and expenses totaling up to 50% of the dollars they brought in.

6.      Beginning in or about February 2005, **MORRISETT** fraudulently lured potential investors and lulled actual investors with materially false representations in written promotional materials and monthly updates and in financial reports of the monthly income derived and expenses incurred from the operations of the UEI and AEF oil and gas ventures. In fact, as **MORRISETT** then knew, the financial reports contained materially false representations, including:

a.      There were no monthly expenses to be deducted from the gross revenue when, in fact, there were such expenses;

b.      There was income received from contract swabbing when, in fact, there was no such income;

c.      There was sufficient net income received to pay investors at the rate of 3% per month when, in fact, there was insufficient net income received to do so; and

d.      There were retained earnings when, in fact, there were no retained earnings.

7.      From in or about March 2005 to in or about January 2007, **MORRISETT** fraudulently lulled actual investors and lured potential investors with payments to investors under the false and fraudulent pretense that the payments were income received from the revenue-generating activities of the UEI and AEF oil and gas ventures when, in fact, as **MORRISETT** then knew, the payments were made with investor funds.

3

8.      From in or about March 2006, **MORRISETT** fraudulently lulled investors by causing the distribution to investors of financial statements which falsely and fraudulently represented UEI's financial performance during 2005. The financial statements contained material misrepresentations, including the material overstatement of Production Income, the material understatement of Finders Fees and Net Loss, and the material understatement of Current Liabilities.

9.      In or about August 2006, **MORRISETT** caused promotional materials about AEF to be sent to a person known to him as "Stan Stalworth." Stan Stalworth was, in fact, the assumed identity of a Special Agent of the Federal Bureau of Investigation ("FBI") posing undercover as a potential investor interested in **MORRISETT**'s oil and gas ventures.

10.     From in or about August 2006 to in or about January 2007, **MORRISETT** lured, and caused to be lured, Stan Stalworth with false pretenses and representations about **MORRISETT**'s oil and gas ventures. During this time, the survival of those oil and gas ventures was dependent upon investor funds, as they had ceased receiving revenue from oil and gas production. Nonetheless, **MORRISETT** promoted his oil and gas ventures to Stan Stalworth as thriving investment opportunities.

11.     In or about May 2007, for the purpose of lulling the investors in the aftermath of the execution by the FBI of search warrants at **MORRISETT**'s offices, residence and storage unit in January 2007, **MORRISETT** drafted a letter for an investor, Paul Snypp ("Snypp"), to distribute to the other investors in UEI and AEF, which informed them that

4

Snypp would manage the oil and gas ventures and which requested them to provide funds for a lawsuit against a company which had operated the joint venture oil and gas properties before the FBI search and possibly for a lawsuit against the federal government.

12.　From in or about May 2007 to at least in or about March 2008, **MORRISETT** continued to communicate with Snypp about the status of the FBI investigation and about operating the oil and gas ventures.

13.　In executing his fraudulent scheme and artifice, **MORRISETT** transmitted and caused the transmission of wire communications in interstate commerce, including fax messages, e-mails, monthly updates and statements electronically posted on a website, and electronic financial transactions, such as wire transfers and Automated Clearing House ("ACH") transactions. In addition, **MORRISETT** used and caused the use of the United States Postal Service and interstate commercial carriers, such as Federal Express and DHL, for the delivery of documents related to the investments, including written promotional materials, monthly updates and statements, correspondence and financial instruments, such as checks.

14.　By doing so, **MORRISETT** fraudulently promoted his oil and gas ventures to hundreds of people throughout the United States and Canada and fraudulently induced scores to invest a total amount of approximately $8,500,000 in UEI, AEF and Heard # 1. In return, **MORRISETT** caused Ponzi-type payments to be made to investors in the approximate amount of $1,700,000, causing a net loss of approximately $6,800,000.

5

**B. Specific Executions of the Scheme by Interstate Wire Transmissions**

15.     For the purpose of executing the Scheme, and attempting to do so,

**MORRISETT**, on or about the dates stated below, transmitted and caused to be transmitted

by means of wire communication in interstate commerce, writings, signs and signals, as

described below, from and to persons as stated below:

| Count | Date | Communication | From | To |
|---|---|---|---|---|
| 1 | 11/17/06 | Fax | Eric Nguyen in California | Alpine in Oklahoma |
| 2 | 11/27/06 | Fax | Alpine in Oklahoma | Eric Nguyen in California |
| 3 | 11/28/06 | Email | Kristy Farnsworth at Alpine in Oklahoma | James Quigg in California |
| 4 | 12/01/06 | Fax | Eric Nguyen in California | Alpine in Oklahoma |
| 5 | 12/12/06 | Email | James Quigg in California | Amanda Ivey at Alpine in Oklahoma |
| 6 | 12/14/06 | Email | James Quigg in California | Amanda Ivey at Alpine in Oklahoma |
| 7 | 12/27/06 | Email | James Quigg in California | Amanda Ivey at Alpine in Oklahoma |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
### [18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

The allegations contained in Counts One through Seven of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section § 2461(c).

Upon conviction of the wire fraud scheme alleged in Counts One through Seven of this Indictment, the defendant, **JIMMY E. MORRISETT**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property which constitutes, or is derived from, proceeds traceable to the wire fraud scheme, including but not limited to the following:

1. **MONEY JUDGMENT**

   A sum of at least $6,800,000 in United States Currency, representing proceeds of the wire fraud scheme;

2. **KOHLER PIANO, S/N KD-30024121**

3. **FINANCIAL ACCOUNTS**

   a. Proceeds of Bank of Oklahoma Account XXXXX3208 in the name of United Energy Investments;

   b. Proceeds of Bank of Oklahoma Account XXXXX9523 in the name of Ampco, LLC;

   c. Proceeds of Bank of Oklahoma Account XXXXX3197 in the name of Red Earth Resources;

d.      Proceeds of Bank of Oklahoma Account XXXXX5967 in the name of Alpine Energy Fund;

e.      Proceeds of Bank of Oklahoma Account XXXXX0931 in the name of Kristy Farnsworth and **JIMMY E. MORRISETT**;

f.      Proceeds of Bank of Oklahoma Account XXXXX9534 in the name of Alpine Petroleum LLC;

**4.      TRAILERS**

a.      Magnum Trailer, White, VIN 1W4200C1052054920; and

b.      Magnum Trailer, Black, VIN 1WC200E2262055563.

Pursuant to Title 21, United States Code, Section 853(p), as adopted by Title 28, United States Codes, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty, including but not limited to:

**1.      NATIVE AMERICAN ARTWORK;**

**2.      JEWELRY;**

**3.      GAMING AND GYM EQUIPMENT;**

**4.      CRAFTSMAN TOOL CHEST & TOOLS;** and

8

5.      **SCOOTER**

2004 Twist N Go Scooter, VIN 5F01T25A54C000107.

All in accordance with Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c).

## COUNTS EIGHT THROUGH THIRTY-FOUR
## [18 U.S.C. § 1341]

### A. The Defendant's Scheme

16.     Beginning at least as early as November 2004 and continuing to in or about

March 2008, in the Northern District of Oklahoma and elsewhere, the defendant, **JIMMY**

**E. MORRISETT** ("**MORRISETT**"), knowingly and intentionally devised and intended to

devise a scheme and artifice to defraud investors, and to obtain money and property from

those investors by means of false and fraudulent pretenses, representations and promises, as

described in paragraphs 1 through 14 of Counts One through Seven of this Indictment, which

are incorporated into these Counts by reference ("the Scheme").

### B. Specific Executions of the Scheme by Mailings

17.     For the purpose of executing the Scheme, and attempting so to do,

**MORRISETT**, on or about the dates stated below, knowingly caused matters and things to

be deposited to be sent and delivered by Federal Express Corporation ("Federal Express"),

which was a commercial interstate carrier, as stated below:

| Count | Date | From | To |
|-------|------|------|-----|
| 8 | 11/14/06 | Alpine in Oklahoma | Paul Smith in Oklahoma |
| 9 | 11/14/06 | Alpine in Oklahoma | Carlos Jimenez in West Virginia |
| 10 | 11/15/06 | Alpine in Oklahoma | Eric Nguyen in California |
| 11 | 11/17/06 | Alpine in Oklahoma | Jim Britton in Texas |
| 12 | 11/20/06 | Alpine in Oklahoma | Donald Bausler in California |
| 13 | 11/20/06 | Alpine in Oklahoma | Roxanne Durbin in Washington |

| 14 | 11/21/06 | Alpine in Oklahoma | Joe Lorber in California |
| 15 | 11/21/06 | Alpine in Oklahoma | Steve Lee in California |
| 16 | 11/22/06 | Alpine in Oklahoma | Paul Davidson in California |
| 17 | 11/22/06 | Alpine in Oklahoma | Robert Dick in Pennsylvania |
| 18 | 11/27/06 | Alpine in Oklahoma | Eric Nguyen in California |
| 19 | 11/27/06 | Alpine in Oklahoma | David Young in Texas |
| 20 | 11/28/06 | Alpine in Oklahoma | Daryl Gates in California |
| 21 | 11/28/06 | Alpine in Oklahoma | Edwin Iwida in Hawaii |
| 22 | 11/29/06 | Alpine in Oklahoma | Randall R. Leisenring in Hawaii |
| 23 | 11/29/06 | Alpine in Oklahoma | Richard Eootes in Michigan |
| 24 | 11/29/06 | Alpine in Oklahoma | Burdeen Sluiter in Iowa |
| 25 | 11/29/06 | Alpine in Oklahoma | Roger Brownson in California |
| 26 | 12/04/06 | Alpine in Oklahoma | James Quigg in California |
| 27 | 12/04/06 | Alpine in Oklahoma | Arnie Zuass in California |
| 28 | 12/06/06 | Alpine in Oklahoma | Andre Revis in California |
| 29 | 12/08/06 | Alpine in Oklahoma | James Quigg in California |
| 30 | 12/08/06 | Alpine in Oklahoma | Eric Nguyen in California |

18.     For the purpose of executing the Scheme, and attempting so to do,

**MORRISETT,** on or about the dates stated below, knowingly caused matters and things to

be delivered by Federal Express, as stated below:

| Count | Date | From | To |
|-------|------|------|----|
| 31 | 11/15/06 | Don Shimmon in Texas | Alpine in Oklahoma |
| 32 | 11/17/06 | Bill Davidson in California | Alpine in Oklahoma |

| 33 | 11/28/06 | Robert Dick in Pennsylvania | Alpine in Oklahoma |
| 34 | 11/29/06 | Paul Davidson in California | Alpine in Oklahoma |

All in violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION
### [18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

The allegations contained in Counts One through Thirty-Four of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section § 2461(c).

Upon conviction of the mail fraud scheme alleged in Counts Eight through Thirty-Four of this Indictment, the defendant, **JIMMY E. MORRISETT**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property which constitutes, or is derived from, proceeds traceable to the mail fraud scheme, including but not limited to the following:

1. **MONEY JUDGMENT**

    A sum of at least $6,800,000 in United States Currency, representing proceeds of the mail fraud scheme;

2. **KOHLER PIANO, S/N KD-30024121**

3. **FINANCIAL ACCOUNTS**

    a.  Proceeds of Bank of Oklahoma Account XXXXX3208 in the name of United Energy Investments;

    b.  Proceeds of Bank of Oklahoma Account XXXXX9523 in the name of Ampco, LLC;

    c.  Proceeds of Bank of Oklahoma Account XXXXX3197 in the name of Red Earth Resources;

    d.      Proceeds of Bank of Oklahoma Account XXXXX5967 in the name of Alpine Energy Fund;

    e.      Proceeds of Bank of Oklahoma Account XXXXX0931 in the name of Kristy Farnsworth and **JIMMY E. MORRISETT**;

    f.      Proceeds of Bank of Oklahoma Account XXXXX9534 in the name of Alpine Petroleum LLC;

4.    **TRAILERS**

    a.      Magnum Trailer, White, VIN 1W4200C1052054920; and

    b.      Magnum Trailer, Black, VIN 1WC200E2262055563.

Pursuant to Title 21, United States Code, Section 853(p), as adopted by Title 28, United States Codes, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty, including but not limited to:

1.    **NATIVE AMERICAN ARTWORK**;

2.    **JEWELRY**;

3.    **GAMING AND GYM EQUIPMENT**;

4.    **CRAFTSMAN TOOL CHEST & TOOLS**; and

## 5.    SCOOTER

2004 Twist N Go Scooter, VIN 5F01T25A54C000107.

All in accordance with Title 18, United States Code, Section 981(a)(1) and Title 28,

United States Code, Section 2461(c).

## COUNTS THIRTY-FIVE THROUGH SIXTY-THREE
### [18 U.S.C. §§ 1956(a)(1)(A)(i)) and 2(b)]

19.     On or about the dates stated below, Bank of Oklahoma, N.A. ("BOK"), was a financial institution, located in the Northern District of Oklahoma, which was engaged in, and the activities of which affected, interstate and foreign commerce in any way and degree.

20.     On or about the dates stated below, in the Northern District of Oklahoma, the defendant, **JIMMY E. MORRISETT** ("**MORRISETT**"), knowing that the property involved in the financial transactions stated below represented the proceeds of unlawful activity, caused the conducting of such financial transactions, which in fact involved the proceeds of mail fraud, in violation of Title 18, United States Code, Section 1341, in the approximate amounts stated below, with the intent to promote the carrying on of such specified unlawful activity:

| Count | Date | Financial Transaction | Amount |
|-------|------|-----------------------|--------|
| 35 | 11/15/06 | Deposit of check number 2363 drawn on BOK account number ****5967 in the name of Alpine Energy Fund ("BOK/AEF 5967") into BOK account number ****9534 in the name of Alpine Petroleum, LLC ("BOK/Alpine 9534") | $9,850.00 |
| 36 | 11/15/06 | Deposit of check number 1583 drawn on BOK/Alpine 9534 into BOK account number ****9523 in the name of AMPCO, LLC ("BOK/AMPCO 9523) | 8,700.00 |
| 37 | 11/15/06 | Delivery to BOK of check number 1335 drawn on BOK/AMPCO 9523 and payable to James Strange | 2,506.33 |

16

| 38 | 11/16/06 | Delivery to BOK of check number 1332 drawn on BOK/AMPCO 9523 and payable to Amanda Ivey | 1,327.13 |
| 39 | 11/16/06 | Delivery to BOK of check number 1337 drawn on BOK/AMPCO 9523 and payable to Matthew Dowdell | 1,932.75 |
| 40 | 11/17/06 | Deposit of check number 2365 drawn on BOK/AEF 5967 into BOK/Alpine 9534 | 4,500.00 |
| 41 | 11/17/06 | Deposit of check number 1584 drawn on BOK/Alpine 9534 into BOK/AMPCO 9523 | 2,000.00 |
| 42 | 11/17/06 | Delivery to BOK of check number 1336 drawn on BOK/AMPCO 9523 and payable to Kristy Farnsworth | 1,329.56 |
| 43 | 11/21/06 | Deposit of check number 2367 drawn on BOK/AEF 5967 into BOK/Alpine 9534 | 6,000.00 |
| 44 | 11/27/06 | Transfer of funds from BOK/Alpine 9534 to open BOK account number ****5103 in the name of Alpine Petroleum Heard # 1 ("BOK/Heard #1 5103) | 500.00 |
| 45 | 11/28/06 | Deposit of check number 2368 drawn on BOK/AEF 5967 into BOK/Alpine 9534 | 500.00 |
| 46 | 11/28/06 | Deposit of check number 6446 drawn on BOK account number ****3208 in the name of United Energy Investments ("BOK/UEI 3208") into BOK/Alpine 9534 | 500.00 |
| 47 | 11/28/06 | Delivery to BOK of check number 1589 drawn on BOK/Alpine 9534 and payable to Steve Lee | 3,000.00 |
| 48 | 11/29/06 | Deposit of check number 2370 drawn on BOK/AEF 5967 into BOK/Alpine 9534 | 5,000.00 |
| 49 | 11/29/06 | Automated Clearing House ("ACH") transfer from BOK/Alpine 9534 to Logix Communications account at Zions First National Bank in Utah | 525.55 |

17

| 50 | 11/30/06 | Delivery to BOK of check number 1592 drawn on BOK/Alpine # 9534 and payable to Amerisource Investment Group | 3,500.00 |
| 51 | 12/04/06 | Delivery to BOK of check number 2358 drawn on BOK/AEF # 5967 and payable to Clint M. & Jenelle L. Bezdek JTWROS as "August Production" | 600.00 |
| 52 | 12/04/06 | Deposit of unnumbered check drawn on BOK/Alpine # 9534 into BOK/AMPCO # 9523 | 13,500.00 |
| 53 | 12/05/06 | Delivery to BOK of check number 2366 drawn on BOK/AEF # 5967 and payable to Mission River Systems | 25,000.00 |
| 54 | 12/05/06 | ACH transfer of funds from BOK/Alpine # 9434 to Federal Express account at JPMorgan Chase Bank in Florida | 10,611.53 |
| 55 | 12/05/06 | Delivery to BOK of check number 1345 drawn on BOK/AMPCO # 9523 and payable to James Strange | 2,506.33 |
| 56 | 12/05/06 | Delivery to BOK of check number 1347 drawn on BOK/AMPCO # 9523 and payable to Matthew Dowdell | 1,932.75 |
| 57 | 12/06/06 | Delivery to BOK of check number 1323 drawn on BOK/AMPCO # 9523 and payable to Oklahoma W/H Tax Division | 1,166.00 |
| 58 | 12/06/06 | Delivery to BOK of check number 1342 drawn on BOK/AMPCO # 9523 and payable to Amanda Ivey | 1,327.12 |
| 59 | 12/06/06 | Delivery to BOK of check number 1346 drawn on BOK/AMPCO # 9523 and payable to Kristy Farnsworth | 1,329.57 |
| 60 | 12/06/06 | Delivery to BOK of check number 2323 drawn on BOK/AEF # 5967 and payable to Judith Porter as "July Production" | 600.00 |

| 61 | 12/06/06 | Deposit of check number 2371 drawn on BOK/AEF # 5967 into BOK/Alpine # 9534 | 6,500.00 |
| 62 | 12/06/06 | Delivery to BOK of check number 19 drawn on BOK/Alpine # 9534 and payable to Business Office Services | 105.55 |
| 63 | 12/06/06 | Deposit of check number 1349 drawn on BOK/Alpine 9534 and payable to Kristy Farnsworth into BOK account number ****0931 in the name of Kristy Farnsworth and **MORRISETT** | 1,050.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2(b).

## FORFEITURE ALLEGATION
### [18 U.S.C. § 982(a)(1)]

The allegations contained in Counts One through Sixty-Three of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

Upon conviction of the money laundering offenses alleged in Counts Thirty-Five through Sixty-Three of this Indictment, the defendant, **JIMMY E. MORISSET**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the money laundering offenses, and all property traceable to such property, including but not limited to the following:

1. **MONEY JUDGMENT**

   A sum of at least $117,900.17, representing property involved in or traceable to property involved in the money laundering offenses;

2. **FINANCIAL ACCOUNTS**

   a. Proceeds of Bank of Oklahoma Account XXXXX3208 in the name of United Energy Investments;

   b. Proceeds of Bank of Oklahoma Account XXXXX9523 in the name of Ampco, LLC;

   c. Proceeds of Bank of Oklahoma Account XXXXX5967 in the name of Alpine Energy Fund;

   d. Proceeds of Bank of Oklahoma Account XXXXX0931 in the name of Kristy Farnsworth and **JIMMY E. MORRISETT**;

   e. Proceeds of Bank of Oklahoma Account XXXXX9534 in the name of Alpine Petroleum LLC;

20

### 3.   TRAILERS

a.   Magnum Trailer White, VIN 1W4200C1052054920; and

b.   Magnum Trailer Black VIN 1WC200E2262055563.

Pursuant to Title 21, United States Code, Section 853(p), as adopted by Title 28, United States Codes, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty, including but not limited to:

### 1.   FINANCIAL ACCOUNT

Proceeds of Bank of Oklahoma Account XXXXX3197 in the name of Red Earth Resources;

### 2.   NATIVE AMERICAN ARTWORK;

### 3.   JEWELRY;

### 4.   KOHLER PIANO, S/N KD-30024121;

### 5.   GAMING AND GYM EQUIPMENT;

### 6.   CRAFTSMAN TOOL CHEST & TOOLS; and

## 7.    SCOOTER

2004 Twist N Go Scooter, VIN 5F01T25A54C000107.

All in accordance with Title 18, United States Code, § 982.


THOMAS SCOTT WOODWARD                    A TRUE BILL
UNITED STATES ATTORNEY



KEVIN C. LEITCH                                         /s/ Grand Jury Foreperson
Assistant United States Attorney                   Grand Jury Foreperson



CHARLES M. McLOUGHLIN
Assistant United States Attorney


22