✎AO 245B    (Rev. 09/08) Judgment in a Criminal Case
　　　　　　Sheet 1

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | OKLAHOMA |

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |

JIMMY E. MORRISETT

Case Number:          11-CR-173-001-GKF

USM Number:          11859-062

John David Russell and Stephen J. Knorr
Defendant's Attorney

## THE DEFENDANT:

[x]  pleaded guilty to count      One of the Information

[]  pleaded nolo contendere to count(s)
    which was accepted by the court.

[]  was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1957(a) | Engaging in Unlawful Monetary Transactions | 12/15/06 | 1 |

　　　　The defendant is sentenced as provided in pages 2 through ___12___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]  The defendant has been found not guilty on count(s)

[x]  The sixty-three count Indictment and the one      []  is      [x]  are   dismissed on the motion of the United States.
    hundred eighty-two count Superseding
    Indictment

　　　　It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

September 12, 2013
Date of Imposition of Judgment

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

The Honorable Gregory K. Frizzell, Chief Judge U.S. District Court
Name and Title of Judge

September 13, 2013
Date

AO 245B     (Rev. 09/08) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page __2__ of __12__

DEFENDANT:           Jimmy E. Morrisett
CASE NUMBER:         11-CR-173-001-GKF

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:      108 months.

[x]     The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be placed in a facility that will allow him the opportunity to participate in the Bureau of Prisons' Residential Drug Abuse Treatment Program and mental health treatment.  The Court further recommends the defendant be designated to a facility in Bastrop, Texas, if he otherwise qualifies therefore.

[]      The defendant is remanded to the custody of the United States Marshal.

[]      The defendant shall surrender to the United States Marshal for this district:

        []    at _____  []  a.m.   []  p.m.  on  _____  .

        []      as notified by the United States Marshal.

[x]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        [x]   before 12 noon on    ___October 23, 2013_____  .

        [x]   as notified by the United States Marshal.

        []    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____  ,  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page   3   of   12

DEFENDANT:          Jimmy E. Morrisett
CASE NUMBER:        11-CR-173-001-GKF

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  Three years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

[]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)

[x]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[x]   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[]    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense.  (Check, if applicable.)

[]    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4.   The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.   The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7.   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10.  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement  (any objection to such notification shall be decided by the district court).
14.  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15.  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B        (Rev. 09/08) Judgment in a Criminal Case
               Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___12___

DEFENDANT:           Jimmy E. Morrisett
CASE NUMBER:         11-CR-173-001-GKF

# SPECIAL CONDITIONS OF SUPERVISION

1.     The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.     The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer.  The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program.  The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

3.     The defendant shall participate in a program of mental health treatment, to include inpatient, with a treatment provider and on a schedule approved by the probation officer.  The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider.

4.     The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court,  as follows:

   a.     The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses.  All other bank accounts must be disclosed to the probation officer.

   b.     The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.

   c.     The defendant shall disclose all assets and liabilities to the probation officer.  The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.

   d.     If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.

   e.     The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___12___

DEFENDANT:            Jimmy E. Morrisett
CASE NUMBER:         11-CR-173-001-GKF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ N/A | $ 6,874,135.44 |

[]    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be
      entered  after such determination.

[x]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage
      payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Pages 7 - 12 | | $6,874,135.44 | |
| **TOTALS** | $                    0 | $      6,874,135.44 | |

[]    Restitution amount ordered pursuant to plea agreement   $ _____

[x]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
      fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject
      to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

      []    the interest requirement is waived for the              []    fine    []    restitution.

      []    the interest requirement for the             []    fine    []    restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before
April 23, 1996.

AO 245B      (Rev. 09/08) Judgment in a Criminal Case
                Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___12___

DEFENDANT:        Jimmy E. Morrisett
CASE NUMBER:      11-CR-173-001-GKF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [] Lump sum payment of $ _____ due immediately, balance due

   [] not later than _____ , or
   [] in accordance with  [] C,  [] D,  [] E, or  [] F below; or

**B** [] Payment to begin immediately (may be combined with  [] C,  [] D, or  [] F below); or

**C** [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [x] Special instructions regarding the payment of criminal monetary penalties:

Any monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income from any source, both prior to imprisonment and while imprisoned, to include income, pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $200 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[] The defendant shall pay the cost of prosecution.
[] The defendant shall pay the following court cost(s):
[x] The defendant shall forfeit the defendant's interest in the following property to the United States:
   $40,000 and Financial Accounts are forfeited as directed in the Order For Entry of Agreed Forfeiture Money Judgement and Preliminary Order of Forfeiture of Substitute Property, Dkt. # 64.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___12___

DEFENDANT:        Jimmy E. Morrisett
CASE NUMBER:      11-CR-173-001-GKF

| Victim | Net Loss |
|---|---|
| Acholonu, Felix | $  76,500.00 |
| Adibb, Sebastian | $  20,000.00 |
| Ames, Richard | $  20,250.00 |
| Anderson, David C. & Molly K. | $  8,383.84 |
| Anderson, R. E. Revocable Trust | $  2,600.00 |
| Anderson, Samuel E. | $  4,710.64 |
| Annin, John D. | $  95,000.00 |
| Antrim, ML & FF Revocable Trust | $  15,100.00 |
| Apple, Winston | $  16,400.00 |
| Avilla, Thomas C | $  14,000.00 |
| Barney, Kathleen | $  16,400.00 |
| Bassett, John B or Janf Thorn | $  11,900.00 |
| Bauguess, Charles W. | $  6,400.00 |
| Beals, Lomarid | $  20,000.00 |
| Beasley, James D & Sherry L | $  19,200.00 |
| Beckman, Delila E. | $  6,550.00 |
| Benson, John S. | $  18,200.00 |
| Berg, Donald L & Marion B | $  8,050.00 |
| Bezdek, Clint M. & Jenelle L. JTWROS (a/k/a Mountain Air Construction LLC) | $  19,400.00 |
| Birkhauser, Clarence C. & Mary T. JTWROS | $  3,350.00 |
| Bjerke, Virgil F or Phyllis Trust | $  20,700.00 |
| Blakeman, Edmund or Mary R. | $  16,700.00 |
| Blind, Raymond | $  7,000.00 |
| Braden, Rickie K & Dorothy A JTWROS | $  7,000.00 |
| Brinson, Robert Lee & NancyAnn Trust | $  13,100.00 |
| Brown, Derral E &/or Derral Lynn JTWROS | $  23,100.00 |
| Brundige, Martha B T/W | $  30,400.00 |
| Brundige, Sara Elizabeth | $  14,000.00 |
| Bucar, Donna | $  16,400.00 |
| Campbell, Gerald D. & Dorothea H. Family Trust | $  8,248.40 |
| Caracci, Vincent | $  9,100.00 |
| Carlberg, Gary L. | $  20,000.00 |
| Carlton, Daniel C & Locinda P CP | $  12,800.00 |
| Carter, Edward L | $  38,600.00 |
| Carver, Mary V Living Trust | $  39,500.00 |
| Cerf, Charles | $  30,400.00 |
| Chamberlain, Kevin | $  3,200.00 |
| Chua, William A. | $  19,800.00 |
| Connor, Clint and Bonnie | $  32,800.00 |
| Constantine, Joseph, M DPM | $  40,300.00 |
| Crane, Brad L or Susan T | $  34,280.00 |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ____8____ of ____12____

DEFENDANT:        Jimmy E. Morrisett
CASE NUMBER:      11-CR-173-001-GKF

| | |
|---|---|
| Cummings, George W. & Noreen Y. JTWROS | $ 9,560.00 |
| Cunningham Seed Farms | $ 21,300.00 |
| D. R. Luger Enterprises | $ 18,200.00 |
| Dabney, Wayne D & Alice M CP | $ 12,800.00 |
| Davidson, Cathy & Bill | $ 10,000.00 |
| Davidson, Paul & Cindy JTWROS | $ 39,600.00 |
| Dean, Harold J. & Teacel I. (Dean Family Trust) | $ 17,050.00 |
| Demuts, Edvins | $ 7,300.00 |
| Dick, George R. | $ 80,000.00 |
| Dietrich, Max A. & Dorothy M. Trust | $ 3,200.00 |
| Dietsche, Robert Sr. | $ 55,800.00 |
| Dirga, Peter | $ 4,850.00 |
| Dizmang, Elizabeth A. Rev Trust | $ 34,800.00 |
| Dizmang, Gerald Allison | $ 69,600.00 |
| Domke, William | $ 34,900.00 |
| Donaldson, Caroline  F Trust | $ 10,400.00 |
| Doris E. Vetter Trust | $ 6,600.00 |
| Dowdy, William L or Diane M | $ 5,200.00 |
| Duby, Paul F | $ 15,703.20 |
| Durbin, Roxanne J | $ 10,000.00 |
| Ebersole, James P Sr | $ 21,000.00 |
| Ebersole, Joseph L or Nancy T | $ 145,600.00 |
| Edwards, James C | $ 14,600.00 |
| Efstrantiou, Ronald J. | $ 6,100.00 |
| Eller, Larry W | $ 12,800.00 |
| Erler, John K. | $ 4,640.32 |
| Ernsberger, Glenn W or Miriam M | $ 329,900.00 |
| Evans, Charles R. | $ 56,900.00 |
| Falase, Ekundayo A & Oladapo E JTWROS | $ 18,140.00 |
| Felderhoff, Ben | $ 5,000.00 |
| Fleischner, Robert E. | $ 9,600.00 |
| Follis, W. Thomas & Karen B. JTWROS | $ 15,650.00 |
| Foster, Hosea L | $ 2,800.00 |
| Frank Romero Realty | $ 121,800.00 |
| Galligan, James H | $ 45,000.00 |
| Goode, Joseph C Jr. & Laurette J. | $ 40,800.00 |
| Grabowski, Conrad & Debra | $ 18,100.00 |
| Greaves, Jerald W & Florence JTWROS | $ 18,350.00 |
| Gregerson, W. Tina | $ 40,000.00 |
| Halleck, Mahlon | $ 4,850.00 |
| Harrold, Gary S | $ 14,815.00 |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ____9____ of ____12____

DEFENDANT:        Jimmy E. Morrisett
CASE NUMBER:      11-CR-173-001-GKF

| | |
|---|---|
| Hatch, Ronald & Nancy | $ 6,700.00 |
| Heap, Lawernce | $ 65,096.78 |
| Heintz, Peter G. & Elizabeth A. Trust | $ 32,800.00 |
| Heise, W. Steven | $ 15,200.00 |
| Held, Philip | $ 13,850.00 |
| Hicks, Paul | $ 42,200.00 |
| Hilt, Robert | $ 8,500.00 |
| Hines, Harry F. Jr. | $ 4,250.00 |
| Hoech, Marvin R. | $ 4,650.00 |
| Hugill, Ray | $ 16,400.00 |
| Hunte, Dawne | $ 18,400.00 |
| Jimenez, Carlos C. | $ 85,300.00 |
| Johnson, Craig E. | $ 20,000.00 |
| Kadow, Brian A | $ 19,100.00 |
| Kadow, Ellen Trust | $ 19,200.00 |
| Kahn, Hans Trust | $ 17,750.00 |
| Kaplan, Leon | $ 34,000.00 |
| Kirk, John W. Jr. | $ 20,000.00 |
| Kochery, Paul | $ 54,000.00 |
| Korbut Wellsite Int'l Inc | $ 18,200.00 |
| Korf, Robert & Cheryl | $ 150,800.00 |
| Krauth, Adolf & Agnes | $ 16,425.64 |
| Kuruvadi, Sanjay | $ 40,000.00 |
| Ladd, Michael D & Lois Ann JTWROS | $ 10,400.00 |
| Lang, Jerry | $ 18,000.00 |
| Larson, Melvin L. | $ 19,200.00 |
| Lauinger, Margaret | $ 56,400.00 |
| Lee, James E | $ 3,050.00 |
| Leisenring, Randy | $ 14,000.00 |
| LJB Asset Management LP | $ 9,200.00 |
| LNU, John | $ 40,000.00 |
| Loomis, Roeliff L. Trust | $ 202,600.00 |
| Lou, Charlie B & Minnie Y JTWROS | $ 17,500.00 |
| Ludlow, Kenneth G. | $ 85,722.58 |
| Luna, Nancy J. | $ 40,000.00 |
| MacLeod, Kenneth | $ 72,000.00 |
| Makus, Donald J & Helen JT | $ 31,600.00 |
| Mann, David E. & Judith S. | $ 3,400.00 |
| Marino, John | $ 28,190.00 |
| Markman, Stephen | $ 4,800.00 |
| Mathis, Michael S. | $ 18,200.00 |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___10___ of ___12___

DEFENDANT:          Jimmy E. Morrisett
CASE NUMBER:        11-CR-173-001-GKF

| | |
|---|---:|
| MBANEFO, Charles MD/IBAN LTD DBA EMBAN LTD | $ 240,000.00 |
| McGreer, Christopher M. & Nancy K. CP | $ 3,200.00 |
| McGreer, Wharton | $ 7,600.00 |
| Mehta, Rajesh MD | $ 20,000.00 |
| Merzlock, John | $ 8,451.61 |
| Miekis, Dale E. Family Trust | $ 6,400.00 |
| Mullen, Thomas J. | $ 5,800.00 |
| Muller, William J. | $ 37,600.00 |
| Murphy, James W. Jr | $ 4,100.00 |
| Nash Family Trust ( Natalie J.) | $ 6,550.00 |
| Neptune Mini Storage | $ 5,000.00 |
| Ness, Jules M. | $ 9,700.00 |
| O'Donald Jr, William E | $ 7,000.00 |
| P & H Sales | $ 30,000.00 |
| PAC West Energy Fund LLC | $ 20,000.00 |
| Pacific West Oil & Gas | $ 40,000.00 |
| Palmer, Melody C | $ 40,500.00 |
| Papell, Louis B. | $ 17,000.00 |
| Paz, Ellis J. & Cynthia J. | $ 26,283.84 |
| PENSCO Trust Comp, Custodian FBO Kevin Schoenfelder | $ 96,100.00 |
| Phalen, Frank or Georgette | $ 25,980.00 |
| Picano, D. J. | $ 8,490.00 |
| Piedmont, Barbara J. | $ 7,850.00 |
| Pisarik, John | $ 23,100.00 |
| Popyuk, William | $ 21,350.00 |
| Porter, Judith | $ 17,600.00 |
| Potter Family Trust (William C.) | $ 31,600.00 |
| Powell, Frank R | $ 38,950.00 |
| Richardson, Marshall D | $ 60,683.88 |
| Ricks, Lynda M. (The Ricks Family Trust) | $ 17,600.00 |
| Rohe Family Trust (Donald R. & Rita C.) | $ 2,600.00 |
| Romero, Alexander C. | $ 32,794.00 |
| Romero, Diana Helen | $ 21,600.00 |
| Romero, Frank and Jutta | $ 10,000.00 |
| Rush, Gerald D & Belinda M JTWROS | $ 37,264.55 |
| S&R Properties Family LLP | $ 16,400.00 |
| Schacht, C, M. | $ 8,654.80 |
| Schlund, Carol J. and Thomas J. | $ 7,600.00 |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ____11____ of ____12____

DEFENDANT:         Jimmy E. Morrisett
CASE NUMBER:       11-CR-173-001-GKF

| | | |
|---|---|---|
| Schoenfelder, Daniel | $ | 125,021.46 |
| Schoenfelder, Kevin P or Emily T | $ | 306,400.00 |
| SDJ Investments LLC | $ | 25,200.00 |
| Senger, Wayne A | $ | 8,200.00 |
| Shaby, John P | $ | 199,400.00 |
| Shank, William A & Karen E JTWROS | $ | 150,200.00 |
| Shepherd, Raymond | $ | 2,750.00 |
| Shimmon, Don I and Margery R. | $ | 18,500.00 |
| Shumway, James & Lynda | $ | 10,000.00 |
| Singh, Michael (PENSCO) | $ | 91,600.00 |
| Singleton Insurance Agency | $ | 20,000.00 |
| Singleton, George R. | $ | 20,000.00 |
| Singleton, James S III | $ | 78,800.00 |
| Sluiter, Burdeen | $ | 4,650.00 |
| Smith, Leslie C. or Hazel | $ | 11,600.00 |
| Smith, Loren M & Iona J | $ | 13,100.00 |
| Smithson, Marian Trust | $ | 31,500.00 |
| Snypp, Paul | $ | 99,400.00 |
| Stalworth, Stanley | $ | 20,000.00 |
| Steeves, Dorothy V Living Trust | $ | 27,300.00 |
| Stein, Michael L. & Rhona E. JTWROS | $ | 14,300.00 |
| Stempowski, Ronald E. | $ | 4,250.00 |
| Steward, Larry D. | $ | 19,200.00 |
| Stewart, Harry O. | $ | 4,535.00 |
| Straubhar, John | $ | 11,400.00 |
| Striggles, Matthew C. & Gloria E. JTWROS | $ | 5,350.00 |
| Strugges (Mayflower Bank) | $ | 10,000.00 |
| Svobada, Richard L. | $ | 18,400.00 |
| Szabo, Nicholas G | $ | 6,550.00 |
| Tawney, Royce | $ | 4,505.00 |
| Teaney, Mark A | $ | 30,800.00 |
| Tippett, Carl L. & Dean S. JTWROS | $ | 62,450.00 |
| Tippett, Helen, L. | $ | 20,000.00 |
| Towe, Dr. or Mrs. James L. | $ | 9,150.00 |
| Turner, Eugene Jr (Turner Revocable Living Trust) | $ | 8,350.00 |
| Valdez, Anthony F. M.D.,P.A. | $ | 35,800.00 |
| VAM International Corp Solano Palha | $ | 17,180.65 |
| Van Bladeren, John & Darlene I. | $ | 7,300.00 |
| Vande Pol, John G | $ | 32,750.00 |
| Vannatta, Fred | $ | 13,593.52 |
| Vetter, Doris E | $ | 4,100.00 |
| Vigneault, Michael R. & Lorraine H. JTWROS | $ | 7,000.00 |
| Voet, Harry C & Mary Ann JTWROS | $ | 40,916.10 |

245B     (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ____12____ of ___12___

DEFENDANT:          Jimmy E. Morrisett
CASE NUMBER:        11-CR-173-001-GKF

| | |
|---|---:|
| Wahl, Kerry | $ 74,400.00 |
| Waldorf, Stephen or Nancy JTWROS | $ 2,900.00 |
| Wannatta, Fred W. | $ 10,000.00 |
| Wasem, Cliff | $ 20,000.00 |
| Watertor, Brett A. (Pensco Trust Company) | $ 16,000.00 |
| Weasner, William E or Jean S | $ 29,000.00 |
| Wembly, William, R. & Glenda | $ 30,000.00 |
| Wexler, Maury, Jay | $ 16,096.77 |
| Wiebold, Dan A. & Debra L. JTWROS | $ 5,800.00 |
| Winokur, Richard M. | $ 133,767.86 |
| Wisnasky, Margaret A. | $ 10,000.00 |
| Wolveck, Ralph & Molly Family Trust | $ 93,000.00 |
| Womble, William R. & Glenda K. JTWROS | $ 35,600.00 |
| Wood, Karl G. & Dorothy R. Family Trust | $ 20,050.00 |
| Wood, Mark R. | $ 8,800.00 |
| Zimmerman, Robert L | $ 23,400.00 |
| Zimmermeak, FNU | $ 10,000.00 |
| Zink, Robert E. & Gloria B. Trust | $ 12,200.00 |

| | |
|---|---:|
| $ | 6,874,135.44 |