# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-173-GKF |
| ) | Case No. 17-CV-157-GKF-TLW |
| JIMMY E. MORRISETT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the Motion to Dismiss Defendant's § 2255 Motion [Doc. No. 85] filed by plaintiff United States of America. For the reasons set forth below, the motion is granted.

### I. Procedural Background

On March 27, 2013, defendant Jimmy E. Morrisett ("Morrisett") pled guilty to violating 18 U.S.C. § 1957(a) (Engaging in Unlawful Monetary Transaction). [Doc. No. 54]. To that end, the court sentenced Morrisett to 108 months' imprisonment and ordered him to pay restitution in the amount of $6,874,135.44. [Doc. No. 67, pp. 2, 5]. As part of his plea agreement, Morrisett agreed "not to contest [the] forfeiture of the assets set forth in [an] attached Consent and Stipulation" and expressly waived any "right to collaterally attack [his] conviction and sentence pursuant to 28 U.S.C. § 2255."[1] [Doc. No. 54, pp. 3, 7–8]. Morrisett now moves to vacate his sentence, arguing that the government's seizure of assets unrelated to criminal conduct deprived him of his counsel of choice.

---

[1] The agreement did not waive post-conviction relief under § 2255 for claims based on ineffective assistance of counsel.

## II. Timeliness

Federal law establishes a one-year limitations period for habeas motions. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Generally, that clock begins running from the date on which a judgment of conviction becomes final. *See id.* § 2255(f)(1). However, the limitations period is extended where a new right is made retroactively applicable by the Supreme Court. *See id.* § 2255(f)(3). In such cases, the one-year limitations clock runs from "the date on which the right asserted was initially recognized." *See id.* That affords "prisoners an opportunity to bring [previously unknown] claims." *See United States v. Crisp*, 573 Fed. App'x 706, 709 (10th Cir. 2014).

Here, Morrissett's motion is untimely. The court entered judgment in Morrisett's case on September 12, 2013. [Doc. No. 67]. Thus, under § 2255(f)(1), his claim expired on May 12, 2014. Morrisett seeks an extension of the limitations period in light of *Luis v. United States*, 136 S.Ct. 1083 (2016), which held that the government violates the Sixth Amendment by executing a pretrial seizure of untainted assets needed to retain a defendant's counsel of choice. But at present, *Luis* is not retroactively applicable. *See* 28 U.S.C. § 2255(f)(3). And even if it was, *Luis* does not govern Morrisett's claim—here, Morrisett concedes that his assets were "subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A) and/or 981(a)(1)(C), for the reasons stated in the" forfeiture complaint. [Doc. No. 54-3, p. 18]; *see also* [*id.* at 26–28]. Accordingly, Morrisett's motion—filed on March 27, 2017—must be dismissed as untimely.

## III. Waiver

Morrisett also waived any right to challenge his conviction, sentence, or forfeiture under § 2255. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the

waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  Here, Morrisett expressly agreed "not to contest [the] forfeiture of the assets set forth in [an] attached Consent and Stipulation" and to waive any "right to collaterally attack [his] conviction and sentence pursuant to 28 U.S.C. § 2255." [Doc. No. 54, pp. 3, 7–8]; *see also* [*id.* at 8] (waiving "all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, and any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds").  He signed his name beneath the appellate and post-conviction waivers, and initialed each page of the plea agreement. [Doc. No. 54, pp. 1–17].  The agreement also contained a separately signed acknowledgment that Morrisett reviewed it and voluntarily consented. [*Id.* at 18].

The forfeiture challenge contained in Morrisett's § 2255 motion falls squarely within the scope of those waivers.  *See United States v. Morrison*, 415 F. App'x 860, 862–63 (10th Cir. 2011) (unpublished).  And nothing suggests enforcement of the waivers would result in a miscarriage of justice.  *See United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012) (explaining that a miscarriage of justice occurs when: (1) the court considers an impermissible factor in sentencing; (2) ineffective assistance of counsel rendered a waiver invalid; (3) a sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful).  Importantly, while Morrisett argues the government's actions prevented him from retaining his counsel of choice, he does not argue that his attorneys—Stephen J. Knorr and John Russell—rendered ineffective assistance of counsel.

### IV. Certificate of Appealability

Rule 11 commands a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificate may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.  That standard may be met by showing the issues presented are debatable among jurists or warrant further proceedings.  *See Slack v. McDaniel*, 529 U.S. 473, 483 – 84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Moreover, with respect to a procedural ruling, a claimant must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  Neither standard is met here.  Nothing suggests the court's limitations or waiver rulings are debatable.

WHEREFORE, the Motion to Dismiss Defendant's § 2255 Motion [Doc. No. 85] is granted.

IT IS SO ORDERED this 8th of May, 2017.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT